# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

WESLEY JEFFERSON  
ADC #104933                                                                                                                                                              PETITIONER

V.                         5:10CV00167 JMM-JTR

RAY HOBBS, Director,  
Arkansas Department of Corrections                                         RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new,

different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## I. Background

Pending before the Court is a § 2254 Petition for a Writ of Habeas Corpus and an Amended Petition filed by Petitioner, Wesley Jefferson. (Docket entry #2, #15). Respondent has filed Responses (docket entry #9, #16), to which the Petitioner has

filed a Reply. (Docket entry #20). Thus, the issues are joined and ready for disposition.

Before addressing the merits of the Petition, the Court will review the relevant procedural history of the case. On November 30, 2006, Petitioner was convicted by a St. Francis County jury of capital murder, aggravated robbery, theft of property, and fleeing in connection with the robbery of a convenience store and the death of an Arkansas State Trooper. *Jefferson v. Arkansas*, 372 Ark. 307, 310, 276 S.W.3d 214, 218 (2008). He was sentenced as follows: life in prison without the possibility of parole for capital murder; 240 months for aggravated robbery; 120 months for theft of property; and 72 months for fleeing. *Id.* Petitioner's Judgment and Commitment Order was entered on December 1, 2006. (Docket entry #16, Exhibit 2).

Petitioner appealed his conviction to the Arkansas Supreme Court, where he argued that: (1) the trial court erred in denying his motion for directed verdict on the charge of capital murder and the relevant lesser included offenses; (2) the trial court erred in denying his motion for mistrial when the prosecutor made improper remarks during closing arguments; (3) the affirmative defense provisions of the capital-murder statute are unconstitutional; and (4) his conviction for fleeing should be reduced from a felony to a misdemeanor. *Jefferson*, 372 Ark. at 310, 276 S.W.3d at 218. On February 14, 2008, the Court affirmed Petitioner's conviction. *Id.* He did not seek

certiorari to the United States Supreme Court. (Docket entry #9).

On April 21, 2008, Petitioner filed a Rule 37 Petition in the St. Francis County Circuit Court arguing ineffective assistance of counsel and prosecutorial misconduct. (Docket entry #9, Exhibit 5). On December 17, 2008, the trial court entered an Order denying the Rule 37 Petition. (Docket entry #9, Exhibit 6). Petitioner did not appeal the Order. (Docket entry #9).

On June 1, 2010, Petitioner filed this federal habeas action[1], in which he asserted two constitutional claims: (1) ineffective assistance of counsel based on his attorney's disclosure to the jury, during opening statements, that Petitioner was guilty and (2) ineffective assistance of counsel because his attorney refused to raise a due process violation. (Docket entry #2). On December 7, 2010, Petitioner filed an Amended Petition adding a third claim that his sentence was illegal because he was convicted of capital murder and the underlying felony of aggravated robbery. (Docket entry #15).

For the reasons explained below, Petitioner's ineffective assistance of counsel claims are barred by the doctrine of procedural default and his illegal sentence claim

---

[1] Petitioner filed a previous federal habeas petition on December 8, 2009. *Jefferson v. Norris*, 5:09CV00375 JMM/JTR. However, before a decision was entered, Petitioner filed a motion to withdraw the Petition. The Court granted Petitioner's Motion and dismissed the Petition without prejudice.

fails on the merits.  Thus, the Court recommends that the Petition for a Writ of Habeas Corpus be denied, and the case dismissed, with prejudice.

## II.  Discussion

### A.   Ineffective Assistance of Counsel Claims

A petitioner must present his habeas claims to the state's highest court as a prerequisite for federal habeas review. *See Moore-El v. Luebbers*, 446 F.3d 890, 896-97 (8th Cir. 2006) (habeas petitioner "must present both the factual and legal premises" of the claim to each appropriate state court and afford those courts "a 'fair opportunity' to review its merits" where a petitioner fails to follow applicable state procedural rules in raising claims they are procedurally defaulted).

Neither of Petitioner's ineffective assistance of counsel claims were raised in his direct appeal of his conviction to the Arkansas Supreme Court.  However, in his Rule 37 Petition, filed after the Arkansas Supreme Court affirmed his conviction, he did assert those claims.  (Docket entry #9, Exhibit 5).  On December 15, 2008,  the trial court denied the Rule 37 Petition and Petitioner did not appeal.  (Docket entry #9, Exhibit 6).  Therefore, neither of the ineffective assistance claims were ever presented to the Arkansas Supreme Court.  See, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)(state prisoner is required to present his claims through "one complete round of the State's established appellate review process"); *Osborne v. Purkett*, 411 F.3d 911,

919 (8th Cir. 2005)(failure to properly appeal the denial of a post-conviction claim to the highest state court constitutes a procedural default).  Accordingly, both of those claims are now procedurally defaulted.

Notwithstanding this procedural default, the Court can still reach the merits of these claims if Petitioner demonstrates the "cause and prejudice" or "actual innocence" exceptions to the procedural default rule.  *See Watts v. Norris,* 356 F.3d 937, 941 (2004).  To establish "cause," the petitioner must "show some objective factor external to the defense" impeded his ability to comply with state procedures. *Murray v. Carrier*, 477 U.S. 478, 488 (1986).  If a habeas petitioner does not establish cause, there is no need to consider whether he has established prejudice. *Sherron v. Norris*, 69 F.3d 285, 289 (8th Cir. 1995).

Petitioner has not alleged any cause for his default, therefore there is not any need to inquire into prejudice.  Further, he has not alleged actual innocence.  Thus, his ineffective assistance claims are procedurally barred.

### B.  Illegal Sentence

Finally, Petitioner argues that he should not have been charged with both capital murder and the underlying felony offense, aggravated robbery.  (Docket entry #15). Petitioner cites to Ark. Code. Ann. § 5-1-110(d)(1), which, *before it was amended in 1995*,  precluded a separate conviction and sentence for the underlying felony in a

capital murder case. However, following its 1995 amendment, Arkansas Code Annotated § 5-1-110(d)(1), states "[n]otwithstanding any provision of law to the contrary, a separate conviction and sentence are authorized for: (d)capital murder, § 5-10-101, and any felony utilized as an underlying felony for the capital murder." Ark. Code Ann. §5-1-110.  Because Petitioner was convicted on November 30, 2006, for a crime that occurred in 2005, the 1995 amendment was in effect.  Thus, Petitioner's illegal sentence argument is without merit.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED that the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (docket entry #2) and his Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (docket entry #15) be DENIED, and that this case be DISMISSED, WITH PREJUDICE.  IT IS FURTHER RECOMMENDED THAT a Certificate of Appealability be DENIED pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

Dated this 4th day of April, 2011.

_____
UNITED STATES MAGISTRATE JUDGE